Good morning. I would like to reserve two minutes for rebuttal. Could you introduce yourself again? Yes. I'm Marjan Bahmani, attorney for Petitioner Edwin Hamazaspyan. This case involves lack of notice both to the petitioner, Edwin Hamazaspyan, and to the attorney of record in this case. It basically has three issues. First, whether notice was reasonably calculated to reach the alien, in this case Edwin Hamazaspyan. Second, whether even arguendo that the notice was reasonably calculated to reach the alien, whether the alien actually received notice. And third, whether the attorney of record should have received notice. Now, there are nine circuit precedent in this case, such as Dobrota v. INS and Saltavis v. INS, which states that the attorney of record must receive notice. And in INS's own regulations state that the attorney of record must receive notice. I thought the statute was in the alternative. The part would go ahead. I'm sorry. Don't bother interrupting me. Well, I don't. Yes. The regulation, the INS's own regulations, which is section 8 CFR, which they're supposed to follow, states that it's a requirement, 8 CFR 292.58. Now, usually INS, what they do is the statute is broader than the regulation. In this case, INS is arguing. Let's see if I understand your argument. Yes. Is your argument that the statute provides notice in the alternative, either upon the alien or upon the alien's attorney? No, Your Honor. I do not. But the regulation requires service upon the attorney, and therefore the regulation modifies the statute? No, Your Honor. No. I believe both the statute and the regulation state that the attorney is. Doesn't the statute use the word or? Well. In saying service must be on the alien or his attorney? If they're represented. So that means if they're represented. Well, yes. That means if they're represented, the service must be made on the attorney. No, no. I'm not making myself clear. Pardon me. If the statute says service must be on the alien or the alien's attorney, right, obviously if there's no alien's attorney, you don't have to serve the alien's attorney. But the service can be made either on the alien or the alien's attorney. Isn't that what the statute reads? I believe, Your Honor, that that's not correct. I believe that Congress. What's not correct about it? The word or isn't there? I believe that this is a different interpretation of the statute. I believe Congress believes that the attorney should receive notice. Let me ask you along that line, do you have a case that tells us that or means and? No, Your Honor, but I have two cases that state that if the attorney of record does not receive notice, and they're both in this court, in this circuit, if the attorney doesn't receive notice, that the motion to reopen should have been granted. And those two cases are, if you please? They were decided in this circuit, Your Honor. They were decided in your briefs. Right. And the basic idea is even if, let's say, for example, that the statute is broad and is giving you one or the other, the fact of the matter remains that because they have been giving me notice each and every time, because they've been serving notices to the attorney of record, now we're relying on that notice. Now, because of that notice, I'm expecting to receive one, and because they don't serve me with the notice, I don't appear for the hearing, I don't call my client, and therefore my client is deprived of competent representation of counsel, which is his Fifth Amendment right. Now, although in deportation proceedings, Your Honor, it's a quasi-criminal proceeding. It's not considered a criminal proceeding. There is no doubt that attorney representation is crucial. By depriving the attorney of notice, the court basically deprived the petitioner in this case of competent representation. And the attorney received each and every one of all the other notices. And I've been at the attorney of record from the outset at the credible fear interview I've been the attorney of record at the first hearing. So the EIR 28 was on file. They had noticed that he had an attorney present. And what's very disturbing is that the government, who's supposed to be held to a higher standard, fought us on this issue, and that the judge, the immigration judge in this case, arbitrarily denied the motion to reopen, even though there was evidence in the case that notice did not reach Hamas Aspion. There was a return address attended, not delivered, and there were four affidavits in the case. Your name, the name of his counsel was in the file at all times? Yes, Your Honor, from the very beginning. I was the attorney of record from the beginning. And this was the second hearing. I appeared for the first one. My EIR 28 has been there since the very beginning. Isn't there an ethical rule that at least where lawyers are dealing with the party they know to be represented, that they're supposed to deal with the lawyer and not with the party? I – what I saw is the practice of the court is they always send notice to the attorney and – Yeah. I'm trying to help you out here. Thank you. Yes. They always send notice to the attorney, Your Honor, and in this case they haven't. And the fact of the matter remains that after five years of wait, numerous briefs, going back and forth, my client never received this notice, and that's – and that's a violation of this. Is there no regulation on point? Yes, Your Honor, there is. They have an 8 CFR 292.5a, which states that any notices must be sent to the attorney of record. This is Department of Homeland Security's own regulation, so they're really violating their own regulations in this case. And finally, another thing which is very important, our sister courts, which is the Seventh Circuit, they look at this kind of notice issues as two prong. The first one is whether notice was reasonably calculated to reach the alien. The second prong is even arguing if the notice was reasonably sent to be received, if the alien can show that he didn't receive notice, he can rebut that presumption. In this case, we have four affidavits and a letter that states attempted, you know, but not delivered. So we went on that. Thank you. Are there any further questions? Thank you. You may reserve the rest of your time. We'll hear from the Governor. Good morning. May it please the Court. My name is John Anklis, and I'll be presenting arguments this morning on behalf of the United States. Your Honors, in this immigration case, the Court is asked to determine whether the Board abused its discretion in denying Petitioner's appeal the denial of the motion to reopen. The Board did not abuse its discretion because the attempt the government's attempted service was fully in accord with the applicable statutes and regulations. Further, the sole reason Petitioner failed to receive notice of the hearing was because he twice provided the immigration court with the wrong, incorrect address. But the immigration court found out that this notice had not been served when the notice was returned as undeliverable. Right? That's correct, Your Honor. It was returned. Why didn't they send a new notice to the attorney? The immigration court made service in accordance with the regulations and the statutes. But it didn't really. The immigration court under, I think it's, isn't it 290.58 has to serve all notices on counsel? I mean, that's not the statute is in the alternative, alien or counsel. But the regulation says that any notice of any sort has to be served on counsel if counsel is in the case. Right? Your Honor, that is the general regulation. However. That's the general rule in the world, isn't it? Maybe I'll stick to the INA, Your Honor. It's a little bit more what I'm prepared for. Well, yours may be. Okay, go ahead. I'm sorry. Just to finish, to respond to that. That is the general regulation. 1292.5 is for the immigration court. However, the regulation states that the notice of removal hearing shall be served by regular mail to the alien or the alien's attorney of record. That's at 8 CFR 1003.13. Therefore, service to the alien in this case was sufficient for the notice of hearing. I'm reading that as saying at its option the service may be made on either the alien or counsel. That is correct. But it doesn't say at its option. It says it can be mailed to the alien or the attorney. And you have to fill that in as to whether that means that if he's represented, it goes to the attorney. On its face, it just means in any case it's got to go to one or the other. But it doesn't mean at its option. It can choose which one. I'm suggesting maybe that's what I read. Your Honor, that's a different reading than the government has, and that's a different reading than I find in the others. Are you familiar with this case of Jones v. Flower? Jones v. Florida. Which was decided, I think, until after you filed your brief, but seems to say that it's a case where you know that the Petitioner did not receive the notice because it was returned. You have the obligation then to do something else, such as send it to the attorney. Your Honor, I'm not familiar with that case. I would especially question the opportunity. It's a Supreme Court case on, you know, what due process requires in terms of notice. But I can't tell you that it's inapplicable, Your Honor. I have not seen the case. I would appreciate the opportunity to discuss it. It was decided in 2006, just a few months after you filed your brief. In that case. Three years old now. The government sent notice to the address that the defaulting, so-called defaulting, mortgagor had provided. But it was returned because the mortgagor, that was not a good address. And the property was auctioned off and the equity in the property was foreclosed. And only at that point did the property owner become aware that the proceeding had even taken place. And the tax assessor in Arkansas said, well, I gave the notice to the address provided me, and that's all I have to give. The Supreme Court said no. Under due process, you have to use what means are reasonable. And when you knew that he hadn't gotten the notice, you had to take further steps. Why isn't that a brown horse case here? The immigration court received the address on two separate occasions from the petitioner within a very short period of time of the time that it sent out the notice of hearing. The immigration court, there was also a motion for a change of venue. The motion was from the petitioner. When the immigration court sent the order granting the change of venue, that was sent to the petitioner's counsel. And on that, it listed the petitioner's address. And it listed it with the incorrect address. So the petitioner's counsel ---- Incomplete address. The address was correct, but the designation of the apartment was incorrect. Instead of an H, he'd written a 4. Well, no, Your Honor. That was on a document that was submitted from DHS to the immigration court. It was incorrect because it did not list any apartment number. So the immigration court was on no notice that there was an apartment number whatsoever. And so that makes a big difference, you know, potentially for a large building or what have you, that that's a very different address if you put the address. No, but the point is apparently the, you know, the immigration court or the immigration service, the practice is when you get a piece of ---- when the notice gets returned that's undeliverable, the government does nothing further, does it, to follow up on that, to say, well, you know, the petitioner or the applicant did not receive notice, maybe we should take one more step, such as if, you know, if he has an attorney of record to send a notice to the attorney, something as simple as that. There's nothing further done. Is that right? Your Honor, in this case, I don't have the exact date that it was received. It's stamped by the Department of Justice on August 19th of 04, which means that the letter would have been received by the Department of Justice after the in absentia order of removal was entered. So you then notice a new hearing. Well, you know, if he's around, you know, you can file a motion to reopen, right?  You don't want him to file a motion to reopen. Is that why you don't send another notice? No. The notice was received back after the hearing. I know that. But the government abided by its obligations for so long. That's what I'm saying. So the rule says you have to send notice, you know, to the address. But if it comes returned as undeliverable, the government does nothing else to follow up. Right? I mean, that's the practice in the government. Is that correct? In this situation, Your Honor, the obligation ---- In every situation. We have lots of cases like this. In every situation. That's true, isn't it? Do you know of a situation that's otherwise? Well, what I'm going to say is for a situation in the immigration court, abiding by the statutes and regulations applicable here, which I can't say that ---- I know what the regulation says. Okay. And I know what's done. My question is when the notice is sent in accordance with the regulation and the notice comes back undeliverable, no further step is taken. Isn't that right, under the immigration court rules? When it comes back after the hearing and ---- Well, the court didn't say, well, let me see if you have an attorney, and I can send the notice to the attorney. That's not done, is it? I don't think that's required. It certainly wasn't done in this case. It was not done in this case, and I don't think it's ---- And don't you think due process requires something further? There's a Constitution that we're talking about here, too. I do not believe that due process requires more in this instance. Well, you better read Jones v. Flowers, then. Okay. I ---- At the time I have remaining, Your Honor, so I'd like to just comment quickly on a couple of the cases that were cited by Petitioner which are inapplicable in this case. The one was de Broda. And de Broda was factually different because there was an order of show cause in that case that says that notices will be mailed only to the last address provided to you. And then it says if you are represented, notice will be sent to your representative. So there was an obligation that was arising from the order of show cause in that case, which is different from the statutes, regulations, and different notices in this matter. Further, Petitioner cites the case Salta v. INS, which is factually different as well. That case deals with the presumption of service of a notice sent by a regular mail. The case is very different because that deals with the presumption if the address of the alien is known. In this case, the address was not known, so there's a different presumption at work. Thank you very much. Thank you. Your Honors, there's been talk of this Jones v. Florida case, and I would appreciate the opportunity to be able to submit a letter to the Court discussing the government's position with respect to that case at greater length if possible. Well, speaking for the act, I'm not going to reserve submission of the case. We'll submit it if you feel that you wish us to file a motion to vacate to consider a brief. We'll do that. Okay. Thank you very much, Your Honors. Thank you. Does the Petitioner wish to add anything? Going back to this due process, I have just one thing to add. Despite all the regulations and everything we discussed and all the laws that are created, the bottom line is this. When a person seeks an attorney, that means he's telling the Court and all the world that he's incapable of protecting himself. That's what he's saying. By not giving notice to the attorney, they are depriving the attorney of the right to competently represent her client. And this is why the person hires an attorney, so that he has someone to protect him. They took away that right. Thank you. Thank you. The case just started. It's submitted for decision.
judges: Schroeder, Tashima, Bea